## HIGHLAND MERCHANDISING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23882. Promulgated July 8, 1952.

*Robert J. Bird, Esq.*, for the petitioner.
*Cyrus A. Newman, Esq.*, for the respondent.

738

740

**OPINION.**

Rice, *Judge:* Petitioner argues (1) that its election to use the installment method of reporting its income for tax purposes was a factor affecting petitioner's business during the base period which resulted in an inadequate standard of normal earnings; (2) that the additional taxes paid by petitioner approximating $85,000, resulting from its use of the installment method, is proof that the excess profits taxes paid during the taxable years were excessive and discriminatory because such additional amount would not have been payable if petitioner had reported its income on the accrual method; (3) that its income during the base period, as computed on the accrual method, is a fair and just amount representing its normal earnings and should be used as a constructive average base period net income for excess profits credit purposes.

Respondent argues that petitioner is not entitled to relief because (1) the tax computed under subchapter E does not result in excessive and discriminatory tax; (2) it has failed to establish that its actual base period earnings were not normal; (3) it has failed to establish under section 722 (b) (5)[1] any factor affecting its business which

---

[1] SEC. 722. GENERAL RELIEF—CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME.

* * * * * * *

(b) TAXPAYERS USING AVERAGE EARNINGS METHOD.—The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—

* * * * * * *

(5) of any other factor affecting the taxpayer's business which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period and the application of this section to the taxpayer would not be inconsistent with the principles underlying the provisions of this subsection, and with the conditions and limitations enumerated therein.

may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period; (4) it has failed to establish what would constitute a fair and just amount representing normal earnings to be used as a constructive average base period net income.

The parties stipulated that the petitioner could not qualify for relief from excess profits taxes under section 736 of the Code which is a relief provision permitting certain installment basis taxpayers to file returns for excess profits tax years on the accrual basis. In addition to the above-mentioned arguments of respondent, he also argued that since petitioner could not qualify under section 736 it is automatically precluded from securing relief under section 722 (b) (5) because Congress specifically considered the problems of installment basis taxpayers in section 736 and "the inference is plain that Congress did not intend the general provisions of section 722 (b) (5) to apply to taxpayers whose claim of hardship was based solely on their use of the installment method of reporting income." Petitioner's officers discussed the problem as to how it could qualify under section 736, and came to the conclusion that the only way petitioner could come within the 125 per cent requirement of the section was by a drastic reduction in petitioner's sales force which would, in effect, be a partial liquidation of the business.

Only one question presented by the above arguments need be considered to decide this case. Section 722 (b) (5) relates to "any other factor affecting the taxpayer's business which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period  *  *  *."

To be entitled to relief under section 722 (b) (5), it is necessary for a taxpayer to show, among other things, that some factor reasonably resulted in an "inadequate standard of normal earnings during the base period." If the earnings during the base period were normal, no relief may be granted. *Matheson Co.*, 16 T. C. 478 (1951) ; *Clinton Carpet Co.*, 14 T. C. 581 (1950). This record does not disclose that merely because of the method of accounting used by petitioner, which method was adopted by its own election, its earnings during the base period were not normal. On the contrary, the record shows that it was the normal method of accounting in petitioner's business, and that it had not changed such method through the taxable years here in question.

The Bulletin on Section 722, part VI (D), page 129, states:

(D) Accounting Methods.

The taxable net income of a taxpayer is determined in accordance with the method of accounting employed by it in keeping its books and in accordance with statutory provisions supplemented by regulations and court decisions interpreting such provisions. Such taxable net income is the basis for determining

excess profits net income for each base period year which in turn forms the basis for the excess profits credit based on income. The method of accounting employed in the determination of taxable net income, such as the cash or accrual method, is not a factor affecting the taxpayer's business which may reasonably be considered as resulting in an inadequate standard of normal earnings. Such accounting methods do not affect the operation of a business. They are merely devices for recording the dollar results of completed transactions in order that periodic statements of the financial condition and progress of the business may be prepared. It is therefore the transactions themselves and not methods of accounting for such transactions which constitute the factors to be considered in determining whether or not an inadequate standard of normal earnings has resulted.

The use of a method of accounting by the taxpayer and its acceptance by the Commissioner may be taken to indicate that it clearly reflects its taxable income for a particular period. The mere fact that under some other method the taxpayer's income during the base period would have been different is not a basis for relief under section 722. * * *

Taxpayers who elect a form of accounting best suited to their particular needs and under which they are entitled to and are granted a tax advantage cannot be heard to complain when the Commissioner refuses to permit them to adopt a different method of accounting in order to achieve a further tax advantage denied to other taxpayers. See *Commissioner* v. *South Texas Lumber Co.*, 333 U. S. 496 (1948), rehearing denied 334 U. S. 813 (1948).

Petitioner, having elected to report its income on the installment basis during the base period years, cannot, in the excess profits tax years, successfully contend that such method resulted in an inadequate standard of normal earnings when, in fact, this was its normal method of doing business. In view of our holding on this question, it is unnecessary to reach the other arguments made by the parties.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*